UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLBY DWOSKIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>USAA GENERAL INDEMNITY COMPANY,<br>a foreign insurer,<br><br>Defendant. | NO. 2:24-CV-01097-RSM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Defendant USAA General Indemnity Company's Motion for Protective Order on Plaintiff's FRCP 30(b)(6) Records Deposition, Dkt. #17. Plaintiff Colby Dwoskin has filed an opposition. Dkt. #19. Neither party has requested oral argument.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER – 1

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" *Id*. "The decision to issue a protective order rests within the sound discretion of the trial court." *Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000, *1 (W.D. Wash. 2009).

Under Rule 30(b)(6), a party naming as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity must describe "with reasonable particularity" the matters for examination.

At issue in this Motion is Plaintiff's request for a records deposition of USAA's 30(b)(6) designee. The matters for examination include the existence of documents, "the systems, processes, and purposes for the creation and storage" of those documents, "retention/destruction policies," and similar questions. *See* Dkt. #18 at 163–65. The specific documents at issue are:

> 1. Email communications sent to morgan@rainieradvocates.com from any USAA email address that relate to the Claim No. 035577044-007 or to the bodily injury claim made by Colby Dwoskin against Alton Riddle.
>
> 2. Email communications sent by morgan@rainieradvocates.com and received by any email address belonging to USAA that relate to the Claim No. 035577044-007 or to the bodily injury claim made by Colby Dwoskin against Alton Riddle.
>
> 3. Recordings of any phone conversations between Morgan J. Wais and USAA employees that relate to Claim No. 035577044-007 or to the bodily injury claim made by Colby Dwoskin against Alton Riddle.
>
> 4. Any documents provided by Morgan J. Wais to USAA concerning Claim No. 035577044- 007 or the bodily injury claim made by Colby Dwoskin against Alton Riddle.

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER – 2

5. Email communications sent by morgan@rainieradvocates.com to any USAA email address concerning the July 12, 2023 Assignment of Rights Offer that is attached as Exhibit 1 to this Notice.

6. Email communications sent to morgan@rainieradvocates.com from any USAA email address concerning the July 12, 2023 Assignment of Rights Offer.

7. Email communications sent from any USAA email address to any email USAA email address that concerns Claim No. 035577044-007 or relates to the bodily injury claim made by Colby Dwoskin against Alton Riddle.

8. Recordings of any phone conversations between USAA employees that relate to Claim No. 035577044-007 or to the bodily injury claim made by Colby Dwoskin against Alton Riddle.

9. Documents exchanged between USAA employees concerning Claim No. 035577044-007 or related to the bodily injury claim made by Colby Dwoskin against Alton Riddle.

10. Email communications sent by any USAA email address to "alvi37@msn.com" or any other email address belonging to Alton Riddle Sr. that relate to Claim No. 035577044-007 or to the bodily injury claim made by Colby Dwoskin against Alton Riddle.

11. Email communications sent to any USAA email address from "alvi37@msn.com" or any other email addresses belonging to Alton Riddle Sr.'s agents that relate to Claim No. 035577044- 007 or to the bodily injury claim made by Colby Dwoskin against Alton Riddle.

12. Email communications sent from a USAA email address to "alvi37@msn.com" or any other email addresses belonging to Alton Riddle Sr. concerning the July 12, 2023 Assignment of Rights Offer.

13. Email communications sent to a USAA email address from "alvi37@msn.com" or any other email addresses belonging to Alton Riddle Sr. concerning the July 12, 2023 Assignment of Rights Offer.
14. Recordings of any phone conversations between Alton Riddle Sr. and USAA employees that relate to Claim No. 035577044-007 or to the bodily injury claim made by Colby Dwoskin against Alton Riddle.

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER – 3

15. The location and existence of any communications or other documents, in addition to email communication sent to Alton Riddle Sr concerning Claim No. 035577044-007 or otherwise relating to the bodily injury claim made by Colby Dwoskin against Alton Riddle.

16. Email communications sent by any USAA email address to "waynemccook@mccooklawfirm.com" that relate to Claim No. 035577044-007 or Alton Riddle Sr.

17. Email communications sent to any USAA email address from "waynemccook@mccooklawfirm.com" that relate to Claim No. 035577044-007 or Alton Riddle Sr.

18. Email communications sent from a USAA email address to "waynemccook@mccooklawfirm.com" concerning the July 12, 2023 Assignment of Rights Offer.

19. Email communications sent to a USAA email address from "waynemccook@mccooklawfirm.com" concerning the July 12, 2023 Assignment of Rights Offer.

20. Recordings of any phone conversations between Wayne OBrien McCook and USAA employees that relate to Claim No. 035577044-007 or Alton Riddle Sr.

21. Any communications or other documents, in addition to email communication sent to Wayne OBrien McCook concerning Claim No. 035577044-007 or Alton Riddle Sr.

22. All documents, regardless of form, prepared by USAA concerning Claim No. 035577044- 007 or related to the bodily injury claim made by Colby Dwoskin against Alton Riddle Sr.

23. The location and existence of any and all policies, procedures, guidelines or claims handling instructions/suggestions concerning USAA's evaluation of bodily injury claims under third party bodily injury insurance policies from 2018-2023.

*Id*. at 166–69.

Defendant USAA argues that these topics seek information that Plaintiff already has or that the requests are otherwise duplicative or cumulative. USAA also argues that Plaintiff has no reason to believe that USAA has not produced all relevant information within its possession,

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER – 4

custody, and control. *See* Dkt. #17. USAA also argues that the records at issue are more likely to be in the possession of "Morgain Wais, defense counsel for the insured in the underlying personal injury suit, or [the insured's] bankruptcy counsel." *Id*. at 6. USAA states, "In fact, Plaintiff has sought to obtain relevant documents and communications from Mr. Wais. Though the subpoena was objected to, Mr. Wais has not denied the existence of these documents, and Plaintiff is more likely to obtain the documents he seeks by filing a motion to compel rather than repeatedly seeking for information from USAA GIC that it has already stated it does not have." *Id*. at 6–7. USAA cites to no law (other than the applicable legal standards) or analogous cases to support their position.

In Response, Plaintiff runs through various back and forth requests for discovery and fights over the meaning of USAA's objections. *See* Dkt. #19.

On Reply, USAA argues:

> At no point prior to this motion has Plaintiff asked about what was done to search for these documents, and only asked whether certain documents existed, which USAA GIC has consistently stated that all the documents USAA GIC has within its possession, custody, and control would be contained in the documents it has already produced. Looking at Plaintiff's deposition notice, it is clear that Plaintiff's intention with this deposition is to confirm the existence of the listed documents, not to verify if a thorough search was performed.

Dkt. #21 at 4.

USAA's argument on Reply is belied by the language in the deposition notice, quoted above, where Plaintiff seeks not only "the existence of documents," but "the systems, process, and purposes for the creation, duplication and/or storage of documents" and "retention/destruction policies." This deposition has always been about more than just the existence of documents. Plaintiff is hoping to clear up a non-trivial, relevant issue in this case.

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER – 5

It is not for USAA or the Court to decide whether Plaintiff should seek this discovery in a 30(b)(6) deposition or file a motion to compel against Mr. Wais.

The Court will not get bogged down in the merits of the Plaintiff's substantive insurance bad faith theories. It is enough to say that USAA has not demonstrated good cause to issue a protective order to prevent this relatively standard records deposition.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant USAA General Indemnity Company's Motion for Protective Order on Plaintiff's FRCP 30(b)(6) Records Deposition, Dkt. #17, is DENIED.

DATED this 24th day of June, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER – 6